TORKILDSON, KATZ,
HETHERINGTON, HARRIS
& KNOREK
Attorneys at Law, A Law Corporation

J. GEORGE HETHERINGTON     2241-0
(jgh@torkildson.com)
BRIAN W. TILKER                      9684-0
(bwt@torkildson.com)
JACOB A. KAMSTRA             11133-0
(jak@torkildson.com)
700 Bishop Street, 15th Floor
Honolulu, HI  96813
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Plaintiffs
HAWAII IRON WORKERS TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII IRON WORKERS HEALTH AND WELFARE TRUST FUND, by its trustees, Clyde Eugenio, Shon T.G.P. Moea'i, Lincoln P. Naiwi, Jr., Joseph V. O'Donnell, Melvin Kahele, Bronson Paris, Lincoln Naiwi, Sr., Edson Hoo, Todd Kawika Chun, Branden Chun, Douglas F. Ewart, Gaylord Lovell, Henry Takahashi, Steve Dennison, John Watanabe; HAWAII IRON WORKERS ANNUITY TRUST FUND, by its trustees, Thomas G. Paris, Lincoln Naiwi, Sr., Joseph V. O'Donnell, Arnold Wong, Marmion Kaopua, Joseph Wong, Douglas F. Ewart, Branden Chun, Gaylord Lovell, Edson Hoo, Todd Kawika Chun, Steve Dennison; HAWAII IRON WORKERS STABILIZATION FUND, by its trustees, | CIVIL NO. _____<br><br>COMPLAINT<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>(*Caption Continues*) |

Lincoln Naiwi, Sr., Joseph V. O'Donnell, Edson Hoo, John Watanabe; HAWAII IRON WORKERS PENSION TRUST FUND, by its trustees, Thomas G. Paris, Glenn D. Eugenio, Melvin Kahele, Shon T.G.P. Moea'i, Joseph V. O'Donnell, Bronson Paris, Todd Kawika Chun, Branden Chun, Dennis Enomoto, Douglas F. Ewart, Edson Hoo, Steve Dennison; HAWAII IRON WORKERS TRAINING TRUST FUND, by its trustees, Clyde Eugenio, Shon T.G.P. Moea'i, Lincoln P. Naiwi, Jr., Joseph V. O'Donnell, Melvin Kahele, Bronson Paris, Lincoln Naiwi, Sr., Edson Hoo, Todd Kawika Chun, Branden Chun, Douglas F. Ewart, Gaylord Lovell, Henry Takahashi, Steve Dennison, John Watanabe; HAWAII IRON WORKERS VACATION & HOLIDAY TRUST FUND, by its trustees, Clyde Eugenio, Shon T.G.P. Moea'i, Lincoln P. Naiwi, Jr., Joseph V. O'Donnell, Melvin Kahele, Bronson Paris, Lincoln Naiwi, Sr., Edson Hoo, Todd Kawika Chun, Branden Chun, Douglas F. Ewart, Gaylord Lovell, Henry Takahashi, Steve Dennison, John Watanabe;

        Plaintiffs,

   v.

PARADISE REINFORCING, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENT AGENCIES 1-10; DOE TRUSTS 1-10,

        Defendants.

<u>COMPLAINT</u>

COME NOW Plaintiffs above named by and through their attorneys Torkildson, Katz, Hetherington, Harris & Knorek, Attorneys at Law, a Law Corporation, and for Complaint against Defendants above named, allege and aver as follows:

1.      Plaintiffs are the Trustees of the Hawaii Iron Workers Trust Funds, which include the Hawaii Iron Workers Health and Welfare Trust Fund ("Health and Welfare Fund"), Hawaii Iron Workers Annuity Trust Fund ("Annuity Fund"), Hawaii Iron Workers Stabilization Fund ("Stabilization Fund"), Hawaii Iron Workers Pension Trust Fund ("Pension Fund"), Hawaii Iron Workers Training Trust Fund ("Training Fund"), and Hawaii Iron Workers Vacation & Holiday Trust Fund ("Vacation and Holiday Fund") (hereinafter collectively referred to as the "Trust Funds").  Plaintiffs are fiduciaries with respect to the Trust Funds within the meaning of Section 3(21)(A) of the Employer Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(21)(A).

2.      Specifically, the Annuity Fund is a money purchase pension plan, the Pension Fund is a defined benefit pension plan as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and the Health and Welfare Fund, Training Fund, and Vacation & Holiday Fund are employee welfare benefit plans as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1).  The Trust Funds are

multiemployer plans as defined in section 3(37)(A) of ERISA, 29 U.S.C. §

1002(37)(A).

      3.     The Trust Funds are jointly trusteed labor-management trust funds

created and maintained pursuant to section 302(c)(5) of the Labor Management

Relations Act, 1947 ("LMRA"), 29 U.S.C. § 186(c)(5).

      4.     This action arises under the LMRA, as amended, ERISA, and the

Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), as hereinafter

more fully appears.  Jurisdiction is founded on questions arising thereunder and

more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f).  Jurisdiction is

proper pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and

pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a).  Venue is proper

pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and section

301(a) of the LMRA, 29 U.S.C. § 185(a).

      5.     At all times relevant herein, each of the above-named Trust Funds was,

and now is, an employee benefit plan organized and existing under the laws of the

United States and whose principal offices are in the City and County of Honolulu,

State of Hawaii.  At all times herein mentioned, each of the above-named Trust

Funds was, and now is, an express trust created by a written trust agreement subject

to and pursuant to the LMRA and a multiple employer benefit plan within the

meaning of Sections 3 and 4 of ERISA (29 U.S.C. §§ 1002 and 1003).

6.     At all times relevant herein, Defendant Paradise Reinforcing, Inc. ("Paradise Reinforcing" or "Defendant"), was a Hawaii corporation doing business on the Island of Oahu, in the City and County of Honolulu, State of Hawaii.  At all material times Paradise Reinforcing was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and within the meaning of section 501(3) of the LMRA, 29 U.S.C. § 142(3), and was engaged in an industry affecting commerce within the meaning of section 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12), and within the meaning of section 501(1) of the LMRA, 29 U.S.C. § 142(1).

7.     Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Trust Funds except that they are connected in some manner with Paradise Reinforcing and/or were the agents, servants, employees, employers, representative, co-venturers, associates of Paradise Reinforcing and/or were in some manner presently unknown to the Trust Funds engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to the Trust Funds.  The Trust Funds have made a diligent effort to ascertain the true names, identities, capacities, activities and/or responsibilities of said unidentified Defendants but have been unable to do so to

-5-

date.  The Trust Funds have made a diligent and good-faith effort to ascertain the full name, identity, and interest in this action of Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 including, but not limited to, investigative efforts to locate witnesses and other persons who may have knowledge of, or contributed to causing the injuries or damages to the Trust Funds, and to identify their roles with respect to same.

8.  Paradise Reinforcing is a contributing employer under the Collective Bargaining Agreement (the "CBA"), dated September 1, 2017, as amended, between Hawaii Iron Workers Local Union 625 and Steel Fabricators & Erectors of Hawaii and Reinforcing Companies of Hawaii.  Pursuant to the CBA, Paradise Reinforcing agreed to be bound by all the terms of the Declaration of Trust Agreement for each respective Trust Fund.

9.  Paradise Reinforcing is required to make contributions to the Trust Funds pursuant to the provisions of the CBA.

10.  The Trust Funds are third party beneficiaries of the CBA.

11.  Paradise Reinforcing agreed to be bound by all the terms of the CBA and various trust agreements and is specifically required to do the following:

(a)  To make employer contributions, based on an hourly rate as stated in the applicable collective bargaining agreement or agreements, which shall be received by the Trust Fund on or before the first (1st) business day after

the twentieth (20th) day of the month immediately following the month during which the contributions were earned (for example, payment of the contributions earned in December of 2002 shall be made not later than January 21, 2003);

(b)     To accompany the above payments with a consolidated contribution report form showing the monthly total of hours worked by each employee covered by the applicable collective bargaining agreement or agreements;

(c)     To make all of its payroll books and records available to Plaintiffs for the purpose of auditing them to verify the accuracy of Defendant's past reporting upon request made by Plaintiffs;

(d)     To compensate Plaintiffs for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages;

(e)     To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records should it be determined that Defendant was delinquent in the reporting or submission of all contributions required to be made by it to Plaintiffs;

(f)     To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions in the sum of 25% of the total amount of contributions and damages due.

12.     By agreeing to abide by such CBA, Paradise Reinforcing promised to pay to the Trust Funds certain amounts for employee benefits, for work and labor performed by Paradise Reinforcing's covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said CBA and/or trust agreements.

-7-

13.     By said CBA, Paradise Reinforcing agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Paradise Reinforcing would pay to each trust fund liquidated damages in the amount of ten percent (10%) of such delinquent and unpaid contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by said CBA, as amended, for each delinquency as and for liquidated damages and not as a penalty.

14.     Paradise Reinforcing's obligations to the Trust Funds, pursuant to said CBA and trust agreements, to make contributions, are continuing obligations and Paradise Reinforcing may accrue and owe additional amounts plus liquidated damages and/or interest up to the time of trial or proof.

15.     At all times herein mentioned it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to the Trust Funds as a result of the non-payment of said contributions.  The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Trust Funds by the non-payment of said contributions.

16.     By said CBA, Paradise Reinforcing further promised that if it became necessary for the Trust Funds to take legal action to enforce payment of

contributions and/or liquidated damages from Paradise Reinforcing, Paradise

Reinforcing would pay all court and collection costs and reasonable attorney's fees of

25% from the total amount of contributions and damages due from Paradise

Reinforcing.

17.     Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, as

amended by the MPPAA, govern the enforcement of employer contributions to

employee pension and welfare trust funds.  ERISA Section 515, 29 U.S.C. § 1145,

provides:

> Every employer who is obligated to make contributions to
> a multiemployer plan under the terms of the plan or under
> the terms of a collectively bargained agreement shall, to the
> extent not inconsistent with law, make such contributions
> in accordance with the terms and conditions of such plan or
> such agreement.

18.     Section 515 is reinforced by the remedial provisions of ERISA section

502(g), 29 U.S.C. § 1132(g):

> (2) In any action under this subchapter by a fiduciary for or
> on behalf of a plan to enforce section 1145 of this title in
> which a judgment in favor of the plan is awarded, the court
> shall award the plan[—]
>
>> (A) the unpaid contributions,
>> (B) interest on the unpaid contributions,
>> (C) an amount equal to the greater of[—]
>>
>>> (i) interest on the unpaid contributions, or
>>> (ii) liquidated damages provided for under the
>>> plan in an amount not in excess of 20 percent (or
>>> such higher percentage as may be permitted under

Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

19.     Paradise Reinforcing owes the Trust Funds $779,126.83 (comprised of $292,105.14 in delinquent contributions for the reporting period of August 2009 through August 2015 and $487,021.69 in liquidated damages for the reporting period of October 2008 through August 2015) based upon the Stipulated Judgment entered into between Paradise Reinforcing and Plaintiffs on November 5, 2015, in Civil No. 15-00396 HG-BMK ("Stipulated Judgment").

20.     Paradise Reinforcing's continual failure to transmit contributions in a timely fashion to Trust Funds for hours worked by its employees caused damage to Trust Funds.  For the time period September 2015 (the initial month following the time periods covered by the Stipulated Judgment) until and including July 2020, Paradise Reinforcing owes the Trust Funds $23,477.24 in contributions, and $91,556.14 in liquidated damages.

//

//

WHEREFORE, the Trust Funds pray as follows:

(1)    For judgment against Paradise Reinforcing for outstanding trust fund contributions and liquidated damages, in an amount not less than $115,033.38, together with accrued interest through the date of judgment, attorneys' fees and costs; and

(2)    Such other relief as the Court deems just and equitable.


DATED:  Honolulu, Hawaii, September 30, 2020.

> TORKILDSON,   KATZ,   MOORE,
> HETHERINGTON & HARRIS,
> Attorneys at Law, A Law Corporation
>
>
>    */s/ Brian W. Tilker*
> J. GEORGE HETHERINGTON
> BRIAN W. TILKER
> JACOB A. KAMSTRA
>
> Attorneys for Plaintiffs
> HAWAII IRON WORKERS TRUST
> FUNDS

2678282